IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANDREW M. SCHEE, | CASE NO. 3:20-cv-2719 |
| Petitioner, | DISTRICT JUDGE DAVID A. RUIZ |
| vs. | |
| WARDEN KIMBERLY CLIPPER, | MAGISTRATE JUDGE JAMES E. GRIMES JR. |
| Respondent. | **REPORT & RECOMMENDATION** |

Pro se Petitioner Andrew Schee filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Doc. 1. Schee is in custody at the Lorain Correctional Institution due to a journal entry of sentence in *State v. Schee*, Erie County Court of Common Pleas, Case No. 2014-CR-582. This matter has been referred to a Magistrate Judge under Local Rule 72.2 for the preparation of a Report and Recommendation. For the following reasons, I recommend that the Petition be dismissed.

**Summary of facts**

In habeas corpus proceedings brought by a person under 28 U.S.C. § 2254, factual determinations made by state courts are presumed correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012).

The Ohio Court of Appeals for the Sixth Appellate District summarized the facts underlying Schee's conviction as follows:

> {¶3} Appellant married and resided with the victim's mother, along with the victim and two younger children. The victim was appellant's step-daughter. The victim knew appellant since she was three-years-old and regarded him as not only her stepfather, but also a "father-figure."

> {¶4} Based on testimony at trial, appellant began sexually abusing the victim when she was age eight. The victim's first allegations of abuse were stated as touching of her chest and vagina, including digital penetration. This was said to have occurred from January to May 2008. After May 2008, the abuse progressed to cunnilingus, fellatio, and anal and vaginal intercourse. The victim stated this abuse occurred on a weekly basis, and she also confirmed that it became a regular way of life for her.

> {¶5} The victim's testimony detailed her sexual encounters with appellant. She detailed how he covered her face during the encounters, the settings in which several of the encounters took place, and the coercion tactics employed to keep her from disclosing the acts. The record supported that the family moved throughout Ohio often and that the alleged abuse continued for the better part of six years.

*State v. Schee*, No. E–15–048, 2017 WL 275964 (Ohio Ct. App. Jan. 20, 2017).

**Procedural background**

*1.    Trial court proceedings*

In December 2014, an Erie County grand jury charged Schee with 17 counts of rape of his step-daughter occurring over a six-year span in four counties. The grand jury charged Schee with four counts of rape when the victim was less than 10 years old, five counts of rape when the victim was less than 13 years old, and eight counts of rape when the victim was at least 13

years old. Doc. 9-1, at 6–10 (Exhibit 1). Schee, through counsel, pleaded not guilty. *Id*. at 11 (Exhibit 2).

The state filed a motion to amend the indictment to change the time frame on one count, the counties on two counts, and the victim's age on two counts. Doc. 9-1, at 18–19. The state provided a bill of particulars to Schee incorporating the amendments. *Id*. at 539 (Exhibit 50). Schee's counsel stated that he did not object to the amendments and the trial court granted the state's motion to amend the indictment. *Id*. at 31–32 (Exhibit 9); Doc. 9-2, at 14–15 (Tr. Vol. 1).

The parties filed various pre-trial motions. The state filed motions in limine to exclude evidence of specific instances or opinion evidence of the victim's sexual activity and any references to the victim's mental health records unrelated to the case. Doc. 9-1, at 12, 16 (Exhibits 3, 4). The state filed a notice of intent to present other acts evidence through Schee's wife's testimony. *Id*. at 20. (Exhibit 6). And the state asked the court to read to the jury a "continuous course of conduct" instruction before the trial started. *Id*. at 26 (Exhibit 7). Schee filed a motion in limine to prevent the state from introducing evidence of any spousal communications or interactions. *Id*. at 28 (Exhibit 8).

At a hearing before voir dire began, the court discussed Schee's pending motion to compel. Doc. 9-2, at 15 (Vol. 1, Tr. 10). Schee's counsel stated that he was satisfied by what the prosecutor provided. *Id*. at 15–23. The court denied

3

the state's request for a *continuous course of conduct* jury instruction before trial but agreed to include it in the final jury charge. *Id*. at 24. The court ordered the state to submit under seal the unrelated medical records and records as to sexual activity for the court's review on admissibility. *Id*. at 24–34, 43–46. And the court discussed the state's notice of intent to use other acts evidence through Schee's wife's testimony but took the issue under advisement until Schee submitted his response. *Id*. at 34–40. At trial, the state did not call Schee's wife to testify. *Id*. at 2; Doc. 9-1, at 160.

A jury found Schee guilty of two counts of rape when the victim was less than 10 years old, one count of rape when the victim was less than 13 years old, and five counts of rape when the victim was at least 13 years old. Doc. 9-1, at 65–71 (Exhibit 11). The jury acquitted Schee on the remaining nine counts. *Id*.

Schee filed a motion to merge all of his convictions for sentencing. Doc. 9-1, at 72–74 (Exhibit 12). He asked the court to vacate five counts, arguing that the court lacked jurisdiction to convict him of offenses occurring in Knox and Huron Counties. *Id*. He also asked the court to vacate a count based on double jeopardy grounds, arguing that there were two counts that covered the same time period and he was found guilty on one and not guilty on the other. *Id*. The state filed a response. *Id*. at 75–84 (Exhibit 13). The court denied Schee's motion. *Id*. at (Exhibit 14).

In July 2015, the trial court sentenced Schee to a mandatory term of life in prison without parole on each rape count when Schee's victim was under 10 years old, 10 mandatory years for rape when the victim was under 13 years old, and 10 years for the five remaining rape convictions, all to run consecutively, for a total prison term of two life sentences plus 60 years, without parole. Doc. 9-1, at 86–95 (Exhibit 15).

> 2.  *Direct appeal*

In August 2015, Schee appealed to the Ohio court of appeals. Doc. 9-1, at 96 (Exhibit 16). Through new counsel, Schee raised the following assignments of error:

> 1. The evidence at appellant's trial was insufficient to support the convictions.
>
> 2. Appellant's convictions are against the manifest weight of the evidence.
>
> 3. The trial court erred by allowing improper evidence before the jury.
>
> 4. The indictment failed to provide adequate notice to appellant.
>
> 5. The trial court erred by preventing appellant from properly confronting his witnesses.
>
> 6. The state failed to establish venue for events alleged to have occurred in Knox and Huron counties.
>
> 7. The trial court erred in denying appellant's motion for mistrial.
>
> 8. The offenses of which appellant was convicted were allied offenses of similar import and subject to merger.
>
> 9. Appellant's sentence is contrary to law.

10. Appellant's conviction of count 2 of the indictment violates double jeopardy.

*Id*. at 108 (Exhibit 17). The state filed a response and Schee filed a reply. Doc. 9-1, at 151, 203 (Exhibits 18, 19). On January 20, 2017, the Ohio court of appeals affirmed Schee's convictions and sentence. *Id*. at 84 (Exhibit 13).

### 3.      *Ohio Rule 26(B) Application for reopening*

On March 10, 2017, Schee filed in the Ohio court of appeals under Ohio Appellate Rule 26(B) a pro se application to reopen his appeal based on ineffective assistance of appellate counsel. Doc. 9-1, at 288 (Exhibit 24). Schee claimed that appellate counsel was ineffective for omitting the following assignments of error on appeal:

1. Defendant was denied his rights to due process of law guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, Section 10, of the Ohio Constitution, when the trial court refused to answer a substantial question(s) of law posed by the jury during deliberations.[1]

2. The State, committed reversible error, when it violated defendant's Fifth Amendment right, under the United States Constitution, to remain silent; where the prosecution implicitly indicated to the jury that defendant's pre-arrest silence was substantive evidence of the defendant's guilt in its case-in-chief.

*Id*. at 289. On April 26, 2017, the Ohio court of appeals denied Schee's application for reopening. *Id*. at 326 (Exhibit 25). The court found that Schee

---

[1]      Throughout this Report and Recommendation, Schee's claimed errors are reproduced as written and have not been edited.

6

failed to show the existence of a genuine issue as to whether he was deprived of the effective assistance of appellate counsel. *Id*. at 331.

On May 8, 2017, Schee filed a motion for reconsideration. Doc. 9-1, at 332 (Exhibit 26).

On June 7, 2018, Schee filed a motion for leave to amend his motion for reconsideration. Doc. 9-1, at 337 (Exhibit 27). Schee asked permission to add the following new claims:

> The State committed prosecutorial misconduct by eliciting testimony in violation of Evidence Rule 408; violating appellant's right to confront his accuser; and violating appellant's attorney client privilege in addition to the misconduct of the prosecution, appellant's trial counsel was ineffective for failing to object to the use of this testimony.

> Appellate counsel was ineffective for failing to raise the issue that the trial court errs and abuses its discretion and prejudices a defendant when it allows an expert witness for the state to testify without the state providing an expert report pursuant to Ohio Criminal Rule 16(K).

*Id*. at 339. On August 22, 2018, the Ohio court of appeals denied Schee's motion for reconsideration because Schee did not raise any obvious errors or new issues. *Id*. at 360 (Exhibit 28). The court also denied Schee's motion for leave to file "a second, untimely motion for reconsideration" because Ohio Appellate Rules "make no provisions for successive motions for reconsideration." *Id*. at 360.

7

4.    *Ohio Supreme Court appeal*

On October 4, 2018, Schee, through new counsel, filed an appeal to the Ohio Supreme Court.[2] Doc. 9-1, at 240 (Exhibit 21). Schee stated that he was appealing three Ohio court of appeals rulings—the January 2017 decision affirming Schee's convictions and sentence; the April 2017 denial of Schee's application to reopen his direct appeal; and the August 2018 denial of Schee's motion for reconsideration. *Id*. at 241. Schee asserted the following propositions of law in support of jurisdiction:

> I. Andrew Schee was denied effective assistance of counsel when his trial counsel failed to make objections and his appellant counsel failed to bring up certain assignment of errors addressed herein.
>
> II. The indictment failed to provide adequate notice to appellant.
>
> III. Appellant's conviction of count 2 violates double jeopardy.

Doc. 9-1, at 243 (Exhibit 22). On December 26, 2018, the Ohio Supreme Court declined under its rule of practice 7.08(B)(4) to accept jurisdiction of Schee's appeal. *Id*. at 287 (Exhibit 23).

5.    *Motion for relief from judgment*

 On January 22, 2019, Schee filed in the trial court a pro se motion under Ohio Rule of Civil Procedure 60(B)(5) for relief from judgment. Doc. 9-1, at 362 (Exhibit 29). Schee argued that the trial court violated Ohio Criminal Rule 16(K) when it permitted expert testimony about "grooming," which was not

---

[2]    The attorney who filed Schee's appeal to the Ohio Supreme Court also appeared on Schee's behalf at trial. *See* Doc. 9-2, at 1, 6.

contained in the expert's report. *Id*. The state filed an opposition brief and

Schee filed a reply. *Id*. at 374, 383 (Exhibit 30, 31).

On March 20, 2019, the trial court construed Schee's motion as a post-

conviction petition; found that it was untimely; and denied it. *Id*. at 388

(Exhibit 32). The court also wrote that the precise issue Schee complained of

was barred by the doctrine of res judicata because Schee could have raised it

on direct appeal but did not.[3] *Id*. at 388–89.

On April 1, 2019, Schee filed a notice of appeal and asked the trial court

to appoint him counsel. Doc. 9-1, at 390 (Exhibit 33). The court appointed Schee

counsel. *Id*. On June 21, Schee filed an appellate brief and raised the following

assignments of error:

> 1. The trial court erred in recasting defendant/appellant's motion
> for relief from judgment pursuant to Ohio Civil Rule 60(B)(5) as
> a motion for post-conviction relief and in stating that it lacked
> jurisdiction to consider the motion.
>
> 2. Application of the doctrine of res judicata to the precise
> circumstances of the case sub judice would result in a manifest
> injustice to defendant/appellant and, therefore, the doctrine is
> inapplicable.

Doc. 9-1, at 399 (Exhibit 37). The state filed a response and Schee filed a reply.

*Id*. at 414, 434 (Exhibits 38, 39). On July 24, 2020, the Ohio court of appeals

affirmed the trial court's judgment. *Id*. at 444–448 (Exhibit 40). The court

found that the trial court properly construed Schee's motion as an untimely

---

[3]     The trial court explained that Schee raised on direct appeal a different
claim about the expert's *grooming* testimony—that it was irrelevant and that
it violated Ohio Evidence Rule 403(A). Doc. 9-1, at 389.

post-conviction petition and that the doctrine of res judicata barred Schee's claim. *Id*. Schee did not appeal.

### 6.    *Second Ohio Rule 26(B) Application for reopening*

On October 20, 2020, Schee, through new counsel, filed in the Ohio court of appeals an application under Ohio Appellate Rule 26(B) to reopen his appeal based on ineffective assistance of appellate counsel. Doc. 9-1, at 449 (Exhibit 41). Schee claimed that appellate counsel was ineffective for omitting the following assignments of error on appeal:

1. The court erred in allowing testimony in violation of Crim.R. 16.

2. The court erred in giving a Howard charge to the jury.

*Id*., at 453, 456 (Exhibit 41). Schee then filed a motion for leave to supplement his application. *Id*. at 493, 510–12 (Exhibits 42, 44).

On November 24, 2020, the Ohio court of appeals dismissed Schee's application as untimely and successive and denied Schee's motion for leave to file his affidavit as moot. Doc. 9-1, at 514–15 (Exhibit 45). Schee did not appeal to the Ohio Supreme Court.

### 7.    *Federal habeas corpus petition*

On September 17, 2020, Schee filed a pro se federal habeas corpus petition under 28 U.S.C. § 2254.[4] Doc. 1. He raised the following grounds for relief:

---

[4]     A petition is deemed filed when a petitioner places it the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 270 (1988). Schee states—and Respondent does not dispute—that he placed his petition in the prison mailing

**Ground 1**: Petitioner was denied due process of law and effective assistance of counsel when his trial counsel failed to object to testimony regarding the petitioner's right to remain silent under the Fifth Amendment. Furthermore, appellate counsel was ineffective for failing to raise this issue on appeal.

*Supporting facts*: The State's substantive use of the Petitioner's pre-arrest silence substantially subverted the policies behind the Fifth Amendment privilege against self-incrimination. The Sixth Circuit held that the use of a defendant's pre-arrest silence as substantive evidence of guilt violates the Fifth Amendment's privilege against self-incrimination. During the trial, the state elicited from both Ben Lohr (a social worker from Knox County) and Detective Dan Bobo (from the Knox County Sheriff's office) testimony that the Petitioner declined to be interviewed by either one because he was represented by counsel. The statement made to Knox County Children's Services and law enforcement that Petitioner's counsel advised him not to speak to them was a statement invoking his right to remain silent. The State insinuated the Petitioner's guilt by suggesting that an innocent person would not "run to a different county or a different state" or otherwise evade an interview. In the State's closing arguments, the state highlighted this testimony as substantive evidence against Petitioner. The Petitioner in this case did not testify, therefore he did not cast aside his cloak of silence. "To allow comment on silence directly or indirectly can compel an individual to act as 'a witness against himself'—very much what the Fifth Amendment forbids." *Salinas v. Texas*, 570 U.S. 178. Trial counsel did not object to this, ensuring that the jury could use this testimony against the Petitioner and guaranteeing that the admission of this testimony could only be analyzed for plain error. See *Combs v Coyle*, 205 F.3d 269. Additionally, Petitioner's appellate counsel was ineffective in her failure to raise this issue.

**Ground 2**: The petitioner was denied equal protection of the law, due process of law and effective assistance of appellate counsel when appellate counsel failed to raise the issue of the trial court allowing expert testimony, over objection, in contravention to Ohio Crim.R.16(K) which prejudiced the petitioner.

---

system on September 17, 2020. Doc. 1, at 13. Warden Clipper agrees that Schee's petition is deemed filed as of September 17, 2020. Doc. 9, at 8.

*Supporting facts*: During the course of the trial, the Petitioner's counsel objected to the state's willful violation of Ohio Criminal Rule 16(K). Mental Health Therapist, Laura Wheeler, was qualified as an expert by the trial court over objection of Petitioner. During the state's case in chief, the state provoked testimony from Ms. Wheeler regarding "grooming". The Petitioner's counsel objected, stating that they had not been given an expert report on this testimony as mandated by Ohio Crim.R.16(K). The trial court overruled this objection and allowed this prejudicial testimony. The sixth district court of Appeals decided a case that was virtually identical to this case (*State v. Walls*, 2018-Ohio-329) where they held that Criminal Rule 16(K) mandates the exclusion of expert testimony. Finding that this violation prejudiced Walls and violated his right to a fair trial, the court reversed his conviction and ordered a new trial. Since then, the Ohio Supreme Court has also held *in State v. Boaston*, 2020-Ohio-1061,(citing *Walls*) that "The plain language of Crim.R. 16(K) limits the trial court's discretion and provides its own specific remedy for a violation of the rule." The rule specifically states that "Failure to disclose the written report to opposing counsel **shall** preclude the expert's testimony at trial." In addition to the Crim.R.16(K) violation, the expert witness never gave an opinion based upon a reasonable degree of medical certainty. Petitioner's Appellate counsel argued that this testimony was irrelevant, but did not raise the Crim.R.16(K) violation, rendering her ineffective.

**Ground 3:** The indictment failed to provide adequate notice to petitioner.

*Supporting facts*: It is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law or by statute, "includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species, -- it must descend to particulars." *United States v. Cruikshank*, 92 U.S. 542, 558. The indictment, must provide Petitioner with specific occurrences that formed the basis of the seventeen counts faced. The State, however, prosecuted Petitioner for a general pattern of abuse covering a period of time apparently charged by the age of the accuser. There is no specific conduct referenced in the indictment, nor any information that would put Petitioner on notice as to what allegations he is actually facing. There is nothing in the indictment that Petitioner could use if proceedings

are taken against him for a similar offense. It was argued that any deficiency in the indictments in this case was cured by way of a bill of particulars. But it is a settled rule that a bill of particulars cannot save an invalid indictment. This type of general prosecution does not provide information sufficient to delineate distinguishable incidents of alleged conduct. There was nothing to put Petitioner on notice for potential alibis, nor is there any information to protect him from double jeopardy. (See Ground Four)

**Ground 4:** Petitioners convictions violate the double jeopardy clause of the United States Constitution.

*Supporting facts*: The Fifth Amendment to the United States Constitution provides in part that no person shall be subject for the same offense to be twice put in jeopardy of life or limb. Similarly, Ohio Const. Art. I, §10 provides that no person shall be twice put in jeopardy for the same offense. The double jeopardy clause is enforceable against the states through the Fourteenth Amendment. The clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction and/or multiple punishments for the same offense. The question is whether each offense contains an element not contained in the other; if not, they are the same offense and barred by double jeopardy. The Petitioner submits that his conviction of count two of the indictment violates double jeopardy based upon his acquittal of count three of the indictment. Both counts two and three also share the month of May as an overlap. In this case, the indictments are ***identical***, therefore, there is not an element contained in one but not the other. There is no testimony to differentiate the two counts. In this case, the State indicted seventeen carbon-copy rape counts. While the counts have date ranges attached to them, six counts have matching date ranges, and many of the others overlap. The overlap in dates between certain counts gives the jury an opportunity to convict twice for an alleged crime committed within those date ranges. In *North Carolina v. Pearce*, 395 U.S. 711 (1969) the Supreme Court interpreted the Fifth Amendment to protect against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction and it protects against multiple punishments for the same offense.

**Ground 5:** The trial court violated petitioner's confrontation rights under the Sixth Amendment of the United States Constitution.

*Supporting facts*: The State provided Petitioner with mental health records of the accuser during the course of discovery. On May 20, 2015, less than a week before trial, the State filed a Motion in Limine to prevent Petitioner from utilizing those records, to present evidence or cross examine the accuser regarding years of counseling she underwent at Firelands Hospital, as a result of being physically abused by her biological father. The trial court granted the State's motion and the Petitioner was precluded from entering into evidence those records (which coincidentally the expert witness based her opinions on, in part) and limited testimony about the accuser's involvement in counseling for a long period of time, and the fact that she did not disclose the fact that she was allegedly being sexually abused by Petitioner at that time. In addition to not disclosing these allegations, these records show that her PTSD was the result of, inter alia, the physical abuse suffered at the hands of her biological father. The trial court's ruling deprived Petitioner of the broad scope of cross examination that is guaranteed by the Sixth Amendment and the right to present relevant evidence to the jury that goes directly to the credibility of the witness.

**Ground 6:** The evidence used at petitioner's trial was legally insufficient to support a conviction, violating petitioner's Fourteenth Amendment Due Process rights.

*Supporting facts*: The Petitioner submits that the evidence that the State produced at trial was insufficient to establish guilt beyond a reasonable doubt that Petitioner engaged in sexual conduct with the accuser. Furthermore, the State failed to establish the element of force as required by law. While the Petitioner is cognizant that the element of force may be proven without an express threat of harm or of significant physical restraint, the State is still required that the victims will was overcome by fear or duress. The record clearly shows that the alleged victim testified that there were never any threats made. Furthermore, there was testimony from the alleged victim that there was no sexual conduct by the Petitioner during the time frame of the indictment. The record is void of any details or particulars regarding any of the alleged sexual encounters.

14

> Therefore, the State failed to establish beyond a reasonable doubt the essential elements of the crime.

Doc. 1, at 5–11. The Warden filed a Return of Writ, Doc. 9, and Schee filed a

Traverse, Doc. 12.

### Statute of Limitations

The Warden argues that Schee's petition is barred by the statute of

limitations and that Schee is not entitled to tolling principles to excuse the

time bar. Doc. 9, at 15–17.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No.

104–132, 110 Stat. 1214, provides a one-year limitations period in a habeas

action brought by a person in custody from a state court judgment. Under 28

U.S.C. § 2244(d)(1), the limitation period runs from the latest of—

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

15

   *1. Schee's conviction became final on March 26, 2019*

  Schee asserts that his conviction became final on March 26, 2019. Doc. 12, at 10. The Warden argues that Schee's conviction became final on March 6, 2017. Doc. 9, at 16.[5] The Warden states that the Ohio court of appeals affirmed Schee's convictions and sentence on January 20, 2017, and that Schee had 45 days—until March 6, 2017—to appeal to the Ohio Supreme Court. *Id*.; *see* Ohio S.Ct.Prac.R. 7.01. The Warden insinuates—but does not state—that Schee did not appeal, so the Warden asserts that the limitations period started running the next day, March 7, 2017. Doc. 9, at 16; *see also Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000) (the statute of limitations begins running the day after the event or default).

  But elsewhere in the Return of Writ, the Warden concedes that Schee filed a direct appeal to the Ohio Supreme Court in October 2018.[6] Doc. 9, at 24, 37. Indeed, the Warden credits grounds Schee raised in his memorandum of jurisdiction to the Ohio Supreme Court as part of his direct review. *Id*. Because

---

[5] The Warden paginates her brief starting on page 7. So I'm referring in this Report and Recommendation to the CM/ECF generated page numbers.

[6] Schee's October 2018 appeal to the Ohio Supreme Court listed three appellate court decisions that he said he was appealing: the January 2017 decision on direct review; the April 2017 decision on Schee's Rule 26(B) Application to reopen; and the August 2018 decision on Schee's motion to reconsider the April 2017 decision. Doc. 9-1, at 241. The Ohio Supreme Court declined jurisdiction of Schee's appeal in one December 2018 judgment entry. *Id*. at 287.

Schee filed a direct appeal to the Ohio Supreme Court in October 2018, Schee's conviction wasn't "final" in March 2017, as the Warden asserts.

Schee's October 2018 appeal to the Ohio Supreme Court was part of his direct appeal. The Ohio Supreme Court declined to accept jurisdiction of Schee's appeal on December 26, 2018. Doc. 9-1, at 287. Schee had 90 days, until March 26, 2019, to ask the United States Supreme Court to review his conviction. *See* Sup. Ct. R. 13.3; *see also Lawrence v. Florida*, 549 U.S. 327, 333 (2007) (time for seeking certiorari in the United States Supreme Court on direct review is included when calculating when a conviction is *final* under 28 U.S.C. § 2244(d)(1)(A)). Schee didn't seek review in the United States Supreme Court, so the one-year limitations period began running the next day, March 27, 2019, and expired one year later, on March 27, 2020.

### 2.  *Schee is not entitled to statutory tolling*

The statute of limitations is tolled for any period in which a properly filed petition for post-conviction relief "or other collateral review with respect to the pertinent judgment or claim" is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003) (quoting 28 U.S.C. § 2244(d)(2)). The statutory tolling provision does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted).

In January 2019, Schee filed under Ohio Rules of Civil Procedure 60(B)(5) a "Motion for Relief from Judgment." Doc. 9-1, at 362. But the Ohio courts construed Schee's motion as a post-conviction petition and denied it as untimely. Doc. 9-1, at 388–89, 444–48. So it does not toll the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (because an untimely postconviction petition is not *properly filed* under section 2244(d)(2), it doesn't toll the limitations period). Although Schee alleges that the Ohio courts improperly construed his Rule 60(B) Motion as a post-conviction petition, he concedes that his filing didn't toll the limitations period because the court deemed it not properly filed, and, under *Pace*, "that [is] the end of the matter" for purposes of statutory tolling principles. Doc. 12, at 10; *see Pace*, 544 U.S. at 414. The fact that the Ohio court of appeals also wrote that Schee's filing was barred by the doctrine of res judicata, as an alternative reason for rejecting it, doesn't change that outcome. *See Pace*, 544 U.S. at 414.

Schee argues that the limitations period should toll while his appeal of the trial court's ruling on his untimely petition was pending. Doc. 12, at 10–12. This is so, Schee contends, because while Schee's postconviction petition is a collateral *attack,* Schee's appeal of the trial court's ruling on that petition is collateral *review*, and 28 U.S.C. §2244(d)(2) says that the limitations period is tolled during "other collateral *review*." *Id.* at 12. But when a court denies a postconviction petition as untimely, "'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414. So any appeal of an untimely

18

post-conviction petition doesn't toll the limitations period where, as here, the appellate court affirmed the trial court's denial of the post-conviction petition as untimely. *See, e.g. Sands v. Bunting*, No. 3:14-cv-1960, 2015 WL 6658725, at *7–8 (N.D. Ohio Oct. 30, 2015) ("an appeal from an untimely post-conviction petition has no tolling effect") (discussing cases); *see also Davis v. Sloan*, No. 1:19-cv-1456, 2019 WL 10248636, at *9 (N.D. Ohio Nov. 7, 2019).[7]

Finally, Schee's October 2020 Rule 26(B) Application to reopen doesn't toll the limitations period because the limitations period had already expired when he filed it. *Vroman*, 346 F.3d at 602.

### 3. *Schee is not entitled to equitable tolling*

Petitioners may also be entitled to "equitable tolling" when they have been "pursuing [their] rights diligently" and "some extraordinary circumstance" prevented them from timely filing their habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace*, 544 U.S. at 418). Petitioners bear the burden of "persuading the court" that they are entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Schee argues that he is entitled to equitable tolling because on March 19, 2020, the Governor of Ohio declared a state of emergency due to the Covid-19 pandemic. Doc. 12, at 14. As a result, Schee asserts, the prison library was closed, and, on March 27, 2020, "the Ohio Supreme Court … ordered that all

---

[7]     Report and recommendation adopted, No. 1:19-cv-1456, 2020 WL 5096396 (N.D. Ohio Aug. 28, 2020).

state statutes of limitation, time limitations and deadlines in the Ohio Revised Code be tolled retroactively to March 9, 2020." *Id*. Schee contends that he was working on his habeas petition "when the Governor of Ohio closed the library." *Id*. Even so, Schee's limitations period expired on March 27, 2020, shortly after Schee states the prison library was closed. The Covid-19 restrictions did not prevent Schee from filing his federal habeas petition for the 357 days before the prison library closed. And while Schee states that the library didn't reopen "to the general population" until July 2021, *id*. at 15, Schee filed his habeas petition in September 2020. So evidently Schee didn't need the library to file his petition. Simply put, Schee has not shown that he was pursuing his rights diligently and some extraordinary circumstance prevented him from timely filing his habeas petition. *See Holland*, 560 U.S. at 649; *Griffin*, 308 F.3d at 653; *United States v. West*, 578 F. Supp. 3d 962, 966–67 & n.2 (N.D. Ohio 2022) ("West's failure to demonstrate that he diligently pursued his claims (or even took *any* action) before the COVID-19 health crisis took hold is fatal to his timeliness argument.").

Finally, a claim of "actual innocence" may overcome the one-year statute of limitations if the petitioner "demonstrates actual innocence so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice." *Patterson v. Lafler*, 455 F. App'x 606, 609 (6th Cir. 2012) (citing *Murray v Carrier*, 477 U.S. 478, 495–96 (1986)). "A valid claim of actual innocence requires 'new reliable evidence—whether it be

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "The evidence must demonstrate factual innocence, not mere legal insufficiency." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The Supreme Court underscored that "the miscarriage of justice exception ... applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *McQuiggin v. Perkins*, 569 U.S. 383, 394–95 (2013) (quoting *Schulp*, 513 U.S. at 329).

Schee does not allege or show actual innocence. His petition is time-barred.

**Conclusion**

For the reasons set forth above, I recommend that Schee's Petition be dismissed.

Dated: March 7, 2023

     */s/ James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530-531 (6th Cir. 2019).