**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ANDREW M. SCHEE, | ) | CASE NO. 3:20-cv-02719 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN KIMBERLY CLIPPER, | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge James E. Grimes Jr. (R. 14).[1] Petitioner Andrew M. Schee, *pro se*, filed a six-claim petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 17, 2020.[2] (R. 1). On August 12, 2021, Respondent Warden Kimberly Clipper filed the Return of Writ. (R. 9). On October 22, 2021, Petitioner filed the Traverse to the Return. (R. 12).

On March 7, 2023, the Magistrate Judge issued his Report and Recommendation (R&R), which recommended the Court dismiss the petition due to the expiration of the applicable statute

---

[1] This case was referred to the Magistrate Judge pursuant to Local Rule 72.2.
[2] Although the docket entry for the petition is dated December 7, 2020, in the petition, Petitioner stated that he had placed the petition in the prison mailing system on September 17, 2020. (R. 1, PageID# 13). Respondent agreed that the petition was submitted for mailing on September 17, 2020 (R. 9, PageID# 41), which is the date that the petition was deemed filed, *Houston v. Lack*, 487 U.S. 266, 270 (1988); *Miller v. Collins*, 305 F.3d 491, 497–98 (6th Cir. 2002).

of limitations prior to Petitioner filing the petition. (R. 14, PageID# 2138–2144); 28 U.S.C. § 2244(d)(1). Petitioner then filed untimely objections to the R&R.[3] (R. 15).

## I. Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court conducts a *de novo* review. Rule 72(b)(3) states:

> *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The text of Rule 72(b)(3) addresses only the review of reports to which objections have been made but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to Rule 72(b), the Advisory Committee stated, "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes to 1983 addition (citing *Campbell v. U.S. Dist. Ct. for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974)).

---

[3] Since the Court served Petitioner with the R&R by mail, three days are added to the deadline for Petitioner's objections. Fed. R. Civ. P. 6(d). Seventeen days after March 7, 2023, is March 24, 2023. The Court received Petitioner's undated objections via mail on April 17, 2023. (R. 15). The only explanation for the objections' untimeliness that the Court can glean from the filing is a note that Petitioner only received a copy of the R&R on March 23, 2023. (R. 15, PageID# 2146). However, Petitioner never sought an extension from the Court for filing his objections. Without any further explanation for their delay, the objections are untimely.

2

"In the Sixth Circuit, failure to object constitutes a forfeiture." *Schuster v. Comm'r of Soc. Sec. Admin.*, No. 4:20cv2278, 2022 WL 219327, at *1 (N.D. Ohio Jan. 25, 2022) (citing *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here.")); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver/forfeiture rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed"). Here, the Report and Recommendation placed the parties on notice as to the potential for forfeiture in the event of failure to timely object. (R. 14, PageID# 2144).

In his untimely objections, Petitioner argues that he is entitled to equitable tolling on the statute of limitations because he was unable to physically access his legal file and partially completed habeas paperwork in the prison library when it was closed during the COVID-19 pandemic. (R. 15, PageID# 2146–2147). In support of this argument, Petitioner filed a letter dated May 10, 2023, from the Warden of Lorain Correctional Institution, nearly a month after his Objections, which states that "[o]n March 19, 2020, [Schee] was working on his legal work within our Library when protocols were enacted due to the COVID-19 pandemic. This building became inaccessible at this time" and that Petitioner's "legal work" was in the library and inaccessible during this time. (R. 16). The Warden's letter does not indicate when the library re-opened, what "legal work" was inaccessible, or what efforts Petitioner took to obtain the materials and to pursue a habeas petition.

Even assuming that Petitioner's objections are timely, his petition is still time barred.

"The Sixth Circuit has repeatedly made clear its view that 'equitable tolling relief should be granted only sparingly.'" *United States v. West*, 578 F. Supp. 3d 962, 966 (N.D. Ohio 2022)

(quoting *Amini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001)). Courts evaluate such motions on "a case-by-case basis, with the petitioner having the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *West*, 578 F. Supp. 3d 966 (quoting *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012)) (additional citations omitted). As *West* notes, some courts have found equitable tolling applicable when defendants "had been pursuing their rights diligently and would have timely filed if not for external obstacles caused by COVID-19." *Id.* (gathering cases). Nevertheless, "[i]n other circumstances, courts have rejected requests for equitable tolling premised upon pandemic-related lockdowns and loss of law library access where there was no evidence the prisoner diligently pursued his right to file…prior to the lockdown." *Id.* (gathering cases). "The bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for a petitioner who seeks it on that basis. The petitioner must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion." *Id.*

Crucially, courts have "consistently held that general allegations of . . . lack of access to legal materials [is] not [an] exceptional circumstance[] warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition." *Id.* at 967 (quoting *Andrews v. United States*, No. 17-1693, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017)).

The Sixth Circuit in *Salyers v. Robey* determined,

> Salyers argues that he is entitled to equitable tolling based on various medical issues, prison transfers, and the effects of the COVID-19 pandemic, including prison lockdowns and staff shortages that limited his access to a law library, legal aides, and legal materials. Reasonable jurists would not debate the district court's determination that Salyers failed to establish entitlement to equitable tolling because his arguments do not show that the difficulties he faced were significant enough to prevent him from filing a timely federal petition. *See Jones v. United*

4

>*States*, 689 F.3d 621, 627 (6th Cir. 2012) (noting that limited access to a law
>library generally does not give rise to equitable tolling); *Keeling v. Warden,
>Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (noting that a petitioner's
>pro se status and lack of knowledge of the law are insufficient to warrant
>equitable tolling).

No. 22-5319, 2022 WL 19575893, at *2 (6th Cir. Aug. 11, 2022).

 Here, although Petitioner argues that he lacked access to his legal materials between March and September 2020, Petitioner offers no explanation for how he "diligently pursued his rights" before that timeframe and even during those six months. *Andrews*, 2017 WL 6376401, at *2. As the Magistrate Judge correctly explained in his R&R, 357 days had already run on the statute of limitations before the library closed, meaning that Petitioner had just 8 days remaining in which to file his petition; despite this tight deadline, nowhere in Petitioner's briefs or objections is there any indication that he so much as asked a prison official to retrieve his documents from the library or pursued any other avenue to timely file his petition. (R. 14, PageID# 2142–2143).

 Moreover, the argument Petitioner raises in his objections is not the same one that Petitioner made in his Traverse, where he merely contended that pandemic restrictions that resulted in the library's closure meant that there was no staff to "provide the required forms such as the civil cover sheet, the application itself or the application to proceed *in forma pauperis* let alone provide access to legal research." (R. 12, PageID# 2081–2082). In other words, in his Traverse, Petitioner argued that the library's closure meant that he could not use the library's resources to facilitate the filing of his petition, not that he was physically prevented from accessing his partially completed materials. The Magistrate Judge, in addressing this argument, found it unconvincing that Petitioner needed the library and its resources to file his petition

5

because he filed the belated petition in September 2020, even though he asserted that it was not until July 2021 that the "library reopened to the general population". (R. 14, PageID# 2142–2143, citing R. 12, PageID# 2082). Further, the Magistrate Judge aptly determined,

> The Covid-19 restrictions did not prevent Schee from filing his federal habeas petition for the 357 days before the prison library closed. And while Schee states that the library didn't reopen "to the general population" until July 2021, [R. 12] at 15, Schee filed his habeas petition in September 2020. So evidently Schee didn't need the library to file his petition. Simply put, Schee has not shown that he was pursuing his rights diligently and some extraordinary circumstance prevented him from timely filing his habeas petition. *See Holland*, 560 U.S. at 649; *Griffin*, 308 F.3d at 653; *United States v. West*, 578 F. Supp. 3d 962, 966–67 & n.2 (N.D. Ohio 2022) ("West's failure to demonstrate that he diligently pursued his claims (or even took any action) before the COVID-19 health crisis took hold is fatal to his timeliness argument.")

The Court agrees.

Petitioner had nearly a full year before the library closed to file his petition, which he did not do, and Petitioner has not shown that he was diligently pursuing his claims during that timeframe. Rather, he filed the petition six months late, in September 2020. The Magistrate Judge did not err in his assessment of the record and arguments presented in the parties' filings regarding the the statute of limitations bar, nor did he err in considering the arguments in Petitioner's Traverse. And the Court finds no error with the R&R not addressing the argument that Petitioner had failed to raise until his objections to the R&R.

## II. Conclusion

The Court has carefully reviewed the Report and Recommendation, finds no clear error, and agrees with the findings set forth therein. The Court agrees that the petition is untimely and that no grounds exist to equitably toll the statute of limitations. The Magistrate Judge's Report and Recommendation (R. 14) is hereby ADOPTED, and Petitioner's objections (R. 15) are OVERRULED. The petition (R. 1) is hereby DISMISSED as time barred.

Furthermore, pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b), there is no basis upon which to issue a certificate of appealability. The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: September 23, 2024         *s/ David A. Ruiz*
                                 David A. Ruiz
                                 United States District Judge